Debra I. Grassgreen (CA Bar No. 169978)
John D. Fiero (CA Bar No. 136557)
Jason H. Rosell (CA Bar No. 269126)
Brooke E. Wilson (CA Bar No. 354614)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Telephone: 415-263-7000
Facsimile: 415-263-7010
Email: dgrassgreen@pszjlaw.com
jfiero@pszjlaw.com
jrosell@pszjlaw.com
bwilson@pszjlaw.com

*Attorneys for the Official Committee
of Unsecured Creditors of LFM Debtors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re:<br>KS MATTSON PARTNERS, LP,<br>                      Debtor. | Case No. 24-10715 (CN)<br>Chapter 11<br>**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LFM DEBTORS TO PETITIONING CREDITORS' MOTION FOR PRESERVATION ORDER** |

The Official Committee of Unsecured Creditors (the "Committee") of LeFever Mattson, a California corporation, and its associated debtors and debtors in possession (collectively, the "LFM Debtors"),[1] hereby joins (this "Joinder") in the *Petitioning Creditors' Motion for Preservation Order* (the "Motion") and the relief requested in the form of order attached thereto as Exhibit 1 (the "Preservation Order"), filed against the putative debtor KS Mattson Partners, LP ("KSMP" and together with Kenneth W. Mattson, the "Mattson Entities"). Specifically, the Committee joins the Petitioning Creditors' request for the entry of the Preservation Order (a) applying the limitations of section 363 and 364 of the Bankruptcy Code to KSMP's assets until the Court rules on the pending involuntary petition; (b) restricting KSMP's ability to encumber its assets; and (c) establishing a process to approve a 13-week budget that will permit KSMP to preserve its assets during the gap period (the "Approved Budget").

In further support of the Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

The Committee files this Joinder[2] to provide additional facts and further underscore the need to preserve the assets of KSMP for the benefit of creditors in the event the pending involuntary petition against KSMP is granted. Absent the relief requested in the Motion, the restrictions of section 363 of the Bankruptcy Code do not apply to KSMP and it may transfer its assets outside of the ordinary course of business—without authorization or supervision of the Court. This lack of Court supervision is troubling in light of recent events and revelations, including: (1) KSMP publicly stating in writing its intent to "acquire investor interests or otherwise

---

[1] The Committee is appointed in the chapter 11 cases jointly administered under the caption *In re LeFever Mattson, a California corporation, et al.*, Case No. 24-10545 (Bankr. N.D. Cal.) (the "LFM Chapter 11 Cases"). The LFM Debtors include petitioning creditors LeFever Mattson, a California corporation ("LeFever Mattson") and Windtree, LP ("Windtree," and together with LeFever Mattson, the "Petitioning Creditors").

[2] The Committee has standing to join the Motion and relief requested therein. Section 1109(b) of Title 11 of the United States Code (the "Bankruptcy Code") provides that, "[a] party in interest, including . . . a creditor, . . . may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The LFM Debtors are parties in interest in the Involuntary Case. On April 8, 2025, the Court entered its order [Docket No. 1239] in the LFM Chapter 11 Cases granting the *Stipulation Granting the Official Committee of Unsecured Creditors Standing to Pursue Certain Estate Causes of Action* [LFM Chapter 11 Cases, Docket No. 1222] (the "Standing Stipulation"). Pursuant to the Standing Stipulation, the Committee has standing to pursue claims and causes of action against KSMP that are property of the LFM Debtors' estates

*liquidate entity assets* . . ." (emphasis added); (2) KSMP's vast real estate portfolio, including interests in at least 25 properties (the "KSMP Real Estate"); (3) recent efforts by the Mattson Entities to market and sell certain pieces of KSMP Real Estate ; and (4) more than $75 million of transfers from the LFM Debtors to or for the benefit of KSMP or other entities controlled by KSMP or its principal, Kenneth W. Mattson.

Accordingly, the Committee respectfully requests that the Court enter the Preservation Order to preserve valuable assets for the benefit of creditors in the event that the involuntary petition against KSMP is granted. Although this Joinder is focused on KSMP's recent public statements evidencing its intent to liquidate assets, the overwhelming allegations of fraud involving KSMP and Mr. Mattson cannot be ignored, including Mr. Mattson's recent acknowledgement that (a) his multiple residences were the subject of searches conducted by the United States Department of Justice and Federal Bureau of Investigation, (b) he is the subject of multiple federal investigations relating to the allegations of fraud involving KSMP and Mr. Mattson, including investigations by the Securities and Exchange Commission and a criminal investigation by the United States Department of Justice,[3] and (c) he intends to invoke his Fifth Amendment right against self-incrimination. *See* LFM Chapter 11 Cases, Docket No. 1229.

The Committee respectfully submits that absent immediate intervention by the Court, there is a material risk of irreparable harm to creditors and the Motion should be granted at the Court's earliest convenience.

## ADDITIONAL BACKGROUND

KSMP's recent statements of its express intent to begin liquidating its assets and administer a shadow claims resolution process, engage brokers to list valuable real estate, and efforts to sell certain pieces of KSMP Real Estate, precipitated the filing of this Joinder. As set forth in the Motion, following the Court's denial of the motion to dismiss the Involuntary Case, counsel to the Mattson Entities made the following statement to the *Santa Rosa Press Democrat*: "If an investor

---

[3] *See, e.g., Seeking Investor Information: LeFever Mattson*, FEDERAL BUREAU OF INVESTIGATION, https://www.fbi.gov/how-we-can-help-you/victim-services/seeking-victim-information/seeking-investor-information-lefever-mattson (last visited Apr. 6, 2025).

wants 'out' of an investment, Ken [Mattson] would like them to receive their investment back. He is committed to offering his own resources to this when possible." Sharp Decl. ¶ 8, Ex. A.

Less than two weeks later, on March 18, 2025, counsel to the Mattson Entities sent a message to numerous individuals who have purchased purported real estate ownership interests from the Mattson Entities, appearing to announce a shadow claims resolution process whereby the Mattson Entities would liquidate assets to compensate certain of their victims. The message highlights Mr. Mattson's interest "in finding pathways to acquire investor interests or otherwise *liquidate entity assets to disburse proceeds to those investors*" and "facilitating resolution for *individual* investors and *specific* investments." Sharp Decl., Ex. B (emphasis added). The message also lays out the Mattson Entities' next steps to "establish a process that effectively manages these matters" and "establish a website to serve as means to communication what information as available as well as gaining additional information regarding your claim." *Id.*

In furtherance of this stated intent to liquidate its real estate portfolio, and as previously reported to the Court in the Committee's *Statement re: March 7, 2025 Status Conference Hearing* [LFM Chapter 11 Cases Docket No. 955] (the "Status Conference Statement), the Mattson Entities engaged brokers to sell a $12 million mansion located at 62 Farragut Avenue in Piedmont (the "Piedmont Property"), owned by the Mattson Entities.[4] The Committee further understands that the Piedmont Property is encumbered by an approximately $5 million deed of trust, potentially providing the Mattson Entities with $7 million of unencumbered cash upon a sale. The chain of title report concerning the Piedmont Property is attached to the Sharp Declaration as Exhibit L.

In addition, until recently, KSMP-owned real property located at 230 E. Napa Street in Sonoma (the "Napa Street Property") was listed for sale for $2.779 million.[5] Upon information and belief, KSMP may be attempting to sell the Napa Street Property in a private sale.

---

[4] As of the filing of the Status Conference Statement, the Piedmont Property was listed as "coming soon" on The Agency's website at: https://www.theagencyre.com/single-family/int/ta9892/address-undisclosed. However, as of the filing of this Joinder, the listing has been removed – which may suggest the Piedmont Property is in escrow. A video tour of the property is available here: https://vimeo.com/928658000

[5] *See* https://www.zillow.com/homedetails/230-E-Napa-St-Sonoma-CA-95476/15769887_zpid/ (showing the Napa Street Property listed for sale on November 20, 2024 and removed on March 4, 2025).

# ARGUMENT

The plain language of section 303(f) of the Bankruptcy Code authorizes the Court to grant the relief requested in the Preservation Motion. This section provides:

> Notwithstanding section 363 of this title, **except to the extent that the court orders otherwise**, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.

11 U.S.C. § 303(f) (emphasis added). Circumstances warrant the Court to exercise its discretion under section 303(f) of the Bankruptcy Code to restrict the Mattson Entities' use and transfer of assets until resolution of the pending involuntary petition.

As set forth above and in the Motion, a clear and urgent risk exists that the Mattson Entities may dissipate assets. Not only has counsel for the Mattson Entities contacted investors directly outlining a plan to "liquidate entity assets to disburse proceeds to . . . investors,"[6] but they may have also taken steps to act upon their plan. For example, upon information and belief, the Committee understands that the Mattson Entities have engaged brokers to list valuable real estate and that the Mattson Entities may be attempting to sell the Napa Street Property in a private sale.

Furthermore, discovery in the Involuntary Case has just begun, and the Mattson Entities have provided inadequate information about the assets and real property that they own. Without more information—which would, at least, be elicited through a Proposed Budget (as the term is defined in the Preservation Order)—the Petitioning Creditors and the Committee cannot ascertain the scope and status of the Mattson Entities' efforts to liquidate and distribute their assets.

Moreover, creditors will benefit from entry of the Preservation Order and knowing that the Mattson Entities cannot attempt to abscond with assets or dispose of them at less than their fair market value. *See* Senate Rep. No. 95-989, 95th Cong., 2d Sess. 33 (1978) (stating the legislative purpose of section 303(f) of the Bankruptcy Code). The alternative is allowing the Mattson Entities to proceed with their proposed shadow claims resolution process whereby the Mattson Entities would liquidate assets to compensate certain of their victims. If permitted to proceed, this shadow,

---

[6] Sharp Decl. ¶ 9, Ex. B.

extrajudicial process will create creditor confusion and all but guarantee preferential treatment of certain creditors—whether the first to respond, the noisiest, or the ones closest to the Mattson Entities.

The Mattson Entities must not be allowed to dissipate their considerable assets and subvert the bankruptcy process with an *ad hoc*, preferential system of liquidation and distribution, occurring outside of this Court. The Court should exercise its discretion under section 303(f) of the Bankruptcy Code to restrict the Mattson Entities' use and transfer of assets until resolution of the pending involuntary petition, as set forth in the Preservation Order.

## CONCLUSION

For the reasons set forth above and in the Motion, the Committee respectfully request that the Court enter the Preservation Order, restricting the use and transfer of estate assets by KSMP.

Dated: April 9, 2025

PACHULSKI STANG ZIEHL & JONES LLP

By: /s/ *John D. Fiero*
     John D. Fiero

*Attorneys for the Official Committee of Unsecured Creditors of LFM Debtors*