Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Proposed Attorneys for Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 24-10715 (CN) |
| | Chapter 11 |
| KS MATTSON PARTNERS, LP, | **DEBTOR'S MOTION FOR ORDER AUTHORIZING DESIGNATION OF ROBBIN L. ITKIN AS RESPONSIBLE INDIVIDUAL PURSUANT TO B.L.R. 4002-1** |
| Debtor[1]. | |
| | Date: TBD |
| | Time: TBD |
| | Place: (In Person or Via Zoom) |
| | United States Bankruptcy Court |
| | 1300 Clay Street, Courtroom 215 |
| | Oakland, CA 94612 |

---

[1]The last four digits of the Debtor's tax identification number are 5060. The Debtor's mailing address is 3003 Castle Road, Sonoma, CA 95476.

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.  PRELIMINARY STATEMENT ................................................................................. 1

II.  JURISDICTION AND VENUE ................................................................................ 3

III.  BACKGROUND ......................................................................................................... 3

   A.  General Background .......................................................................................... 3

   B.  Litigation Against Mr. Mattson and the Debtor ............................................ 4

   C.  LeFever Mattson Chapter 11 Cases ................................................................ 5

   D.  The Involuntary Petitions and the Preservation Order ................................. 5

   E.  The Stipulated Order .......................................................................................... 7

IV.  RELIEF REQUESTED ............................................................................................... 7

V.  BASIS FOR RELIEF REQUESTED ........................................................................ 8

   A.  Qualifications ..................................................................................................... 8

   B.  Services to Be Provided .................................................................................... 8

   C.  No Duplication ................................................................................................... 9

   D.  Ms. Itkin's Compensation ............................................................................... 10

   E.  Disinterestedness .............................................................................................. 11

VI.  AUTHORITY FOR RELIEF REQUESTED .......................................................... 12

VII.  REQUEST FOR WAIVER OF STAY AND MODIFIED NOTICE ................... 13

VIII.  NOTICE ...................................................................................................................... 14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 240 North Brand Partners*,
200 B.R. 653 (B.A.P. 9th Cir. 1996) .................................................................12

*In re California Indep. Petroleum Assn.*,
Case No. 21-23169-B-11 (Bankr. E.D. Cal. Jan. 18, 2022) ....................................12

*In re Fairfield Residential LLC*,
Case No. 09-14378 (Bankr. D. Del. Jan. 13, 2010) ..............................................12

*In re LeFever Mattson, a California Corporation, et al.*,
Case No. 24-10545 (CN) (Bankr. N.D. Cal.) .......................................................3

*In re Lionel Corp.*,
722 F.2d 1063 (2d Cir. 1983) ............................................................................12

*Martin v. United States (In re Martin)*,
150 B.R. 43 (Bankr. S.D. Cal. 1993) ..................................................................13

*In re MedCision LLC*,
Case No. 17-31272 HB (Bankr. N.D. Cal. March 22, 2018) .................................12

*In re Motor Coach Indus. Int'l, Inc.*,
Case No. 08-12136 (Bankr. D. Del Oct. 15, 2008) ...............................................12

*In re NewZoom, Inc.*,
Case No. 15-31141-HB (Bankr. N.D. Cal. Jan. 20, 2016) ....................................12

*In re PopExpert, Inc.*,
Case No. 16-30390 HB (Bankr. N.D. Cal. June 6, 2016) ......................................12

*In re Professional Financial Investors, Inc., et al.*,
Case No. 20-30604 (Bankr. N.D. Cal.) ................................................................8

*Rosson v. Fitzgerald (In re Rosson)*,
545 F.3d 764 (9th Cir. 2008) .............................................................................12

*United States of America v. Kenneth W. Mattson*,
Case No. CR25-00126 CRB .................................................................................3

*United States v. Energy Resources Co.*,
495 U.S. 545 (1990) ..........................................................................................12

*Walter v. Sunwest Bank (In re Walter)*,
    83 B.R. 14 (B.A.P. 9th Cir. 1988) .........................................................................12

*In re Westcliff Med. Labs., Inc.*,
    Case No. 10-16743 (Bankr. C.D. Cal. June 25, 2010) .............................................12

**Statutes**

11 U.S.C. § 105 ....................................................................................................12, 13

11 U.S.C. § 327 ....................................................................................................10, 11

11 U.S.C. § 330 ..........................................................................................................10

11 U.S.C. § 331 ..........................................................................................................10

11 U.S.C. § 363 ........................................................................................1, 7, 11, 12

11 U.S.C. § 363(b) .....................................................................................................12

11 U.S.C. § 1106 ..........................................................................................................8

11 U.S.C. § 1108 ..........................................................................................................8

28 U.S.C. § 157 ............................................................................................................3

28 U.S.C. § 157(b) .......................................................................................................3

28 U.S.C. § 1334 ..........................................................................................................3

28 U.S.C. § 1408 ..........................................................................................................3

28 U.S.C. § 1409 ..........................................................................................................3

**Other Authorities**

FRBP 5011-1(a) ...........................................................................................................3

FRBP 6004 ...................................................................................................................1

FRBP 6004(a) .............................................................................................................13

FRBP 6004(h) .............................................................................................................13

B.L.R. 4002-1 .............................................................................................1, 7, 8, 12

iii

KS Mattson Partners, LP (the "Debtor") hereby moves (the "Motion") this Court pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure, (the "Bankruptcy Rules") and Rule 4002-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), designating Robbin L. Itkin as responsible individual pursuant to Local Rule 4002-1 (the "Responsible Individual"), effective as of the date of the Court's entry of the Proposed Order.

The facts and circumstances supporting this Motion are set forth in the Declaration of Ms. Itkin (the "Itkin Declaration"), filed contemporaneously herewith and incorporated by reference herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

After more than six months of contested proceedings, on Friday, June 6, 2025, the Debtor consented to the entry of a stipulated order for relief in the involuntary case filed on November 22, 2024. The stipulated order—agreed upon by the Debtor and the petitioning creditors[1]—was entered by the Court on June 9, 2025 (Docket No. 131) (the "Stipulated Order"). A critical component of the Stipulated Order is the parties' agreement to appoint an independent fiduciary to serve as the Responsible Individual in this proceeding. The stipulating parties have selected Robbin L. Itkin for this critical role.

Ms. Itkin is a seasoned bankruptcy fiduciary and certified mediator with deep experience guiding companies through complex situations. She has served as chapter 11 trustee in several significant bankruptcy cases and currently acts as an independent manager or director for

---

[1] Although they were not signatories to the Stipulated Order, Ms. Itkin understands that the official committee of unsecured creditors in the LeFever Mattson Debtors' Chapter 11 Cases also support Ms. Itkin's appointment.

1

companies undergoing restructuring. Critically, given the nature of this case, Ms. Itkin has substantial experience in both real estate bankruptcies and Ponzi scheme matters, and she has no prior relationship with the Debtor, Kenneth Mattson or LeFever Mattson.[2] As detailed in her accompanying declaration, among her notable engagements, Ms. Itkin represented a court-approved *ad hoc* committee of investors defrauded in a Ponzi scheme orchestrated by Professional Financial Investors, Inc. and its 40 affiliated entities, all of which filed for bankruptcy in the Northern District of California. The law firm where Ms. Itkin was then a partner received the Turnaround Management Association's 2022 Turnaround Transaction of the Year Award on account of Ms. Itkin's work, recognizing her collaborative and innovative approach to maximizing value for victims while minimizing litigation costs.

Consistent with that collaborative and cost-conscious approach, Ms. Itkin is committed to working constructively with stakeholders in this case and in the related LeFever Mattson Chapter 11 Cases, which she understands may potentially involve some overlapping creditor groups and shared concerns. In the near term, Ms. Itkin's immediate focus will be on protecting and preserving estate assets—ensuring that rents are collected, that the Debtor's properties are properly managed, and that a value-maximizing marketing process is designed and launched. These steps are particularly urgent in light of the recent indictment of the Debtor's principal, Mr. Mattson, which has left the Debtor without anyone in place to perform even basic operational functions, and for whom continued involvement in the business would be plainly untenable. To that end, Ms. Itkin is seeking Court approval as part of her appointment to retain Stapleton Group (which has been acting

---

[2] As discussed more fully in Section V.E, at this stage, the proposed Responsible Individual and her proposed counsel (Hogan Lovells US LLP) have only just received a list of the Debtor's interested parties from which to run a comprehensive conflicts check. Based on the limited information provided to date, however, neither the Responsible Individual nor her counsel is aware of any current or prior connections that would preclude their involvement in these matters.

2

a financial advisor to the Debtor for a number of months) on an interim basis, with authority to oversee property management, undertake related responsibilities and prepare basic financial information, including preparation of statements and schedules, pending final approval of Stapleton Group's retention application. Ms. Itkin also intends to coordinate with parties in this and the LeFever Mattson Chapter 11 Cases, as well as relevant governmental authorities, to support ongoing investigations into the Debtor's financial affairs. Throughout, she will work to minimize costs to the estate in order to preserve value and maximize recoveries for stakeholders.

## II.      JURISDICTION AND VENUE

The United States Bankruptcy Court for the Northern District of California (this "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24* (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the Northern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.      BACKGROUND

### A.      General Background[3]

This chapter 11 case arises out of an alleged multiyear and multimillion dollar fraud perpetrated by the Debtor's managing partner, Kenneth Mattson. In 1990, Tim LeFever purchased 50% of a real estate business owned by Mr. Mattson, creating LeFever Mattson, a California

---

[3]The information contained in this section is derived from allegations raised in the indictment of Mr. Mattson (*United States of America v. Kenneth W. Mattson*, Case No. CR25-00126 CRB, N.D. Cal.) as well as various pleadings filed in this chapter 11 case and the chapter 11 cases captioned *In re LeFever Mattson, a California Corporation, et al.*, Case No. 24-10545 (CN) (Bankr. N.D. Cal.). Ms. Itkin, having been engaged only days ago to serve as the Debtor's Responsible Individual, does not have personal knowledge of the underlying facts and understands that some or all of the allegations may be disputed. This summary is provided solely for context and should not be construed as adopting any position, as Ms. Itkin has not conducted an independent investigation or reached any conclusions regarding the matters described. Indeed, conducting such an investigation and taking appropriate steps to protect the interests of the Debtor's creditors and investors is precisely the role Ms. Itkin was retained—and now seeks to be appointed—to fulfill.

3

corporation ("LeFever Mattson"). Initially, the company's business was the ownership of investment residential real estate. The business model eventually shifted to creating limited liability companies (collectively, the "LLCs") and limited partnerships (collectively, the "LPs"), to purchase multi-family or other commercial properties. This structure allowed LeFever Mattson to pool capital by selling limited interests to a small number of accredited investors while typically reserving an ownership interest in the investment entity for itself as general partner or managing member. *See* Petitioning Creditors' Omnibus Opposition to Motion to Dismiss (Docket No. 28 at 7) ("MTD Opp.").

LeFever Mattson has alleged that, among other things:

- Mr. Mattson purported to sell equity interests in over 25 of the LLCs and LPs to hundreds of investors through transactions that were not recorded in the books and records of LeFever Mattson or the appropriate entity (the "Mattson Interest Sales"); and

- Mr. Mattson caused certain of the LLCs or LPs to purchase properties owned by the Debtor – by executing the transactions himself on behalf of both buyer and seller (the "Mattson Property Sales" and, together with the Mattson Interest Sales, the "Mattson Transactions"). LeFever Mattson has alleged that some of the Mattson Property Sales were at inflated prices, and that some conveyed properties encumbered by high-interest loans with balloon payments, which Mr. Mattson took out through the Debtor and on which he has now defaulted.

*See* MTD Opp. at 7-8.

### B. Litigation Against Mr. Mattson and the Debtor

The Federal Bureau of Investigation raided Mr. Mattson's home on May 24, 2024. Shortly thereafter, the first lawsuit arising out of the Mattson Transactions was filed against Mr. Mattson and the Debtor on June 5, 2024. Additional lawsuits have been filed against Mr. Mattson in state

4

and federal courts. On June 6, 2024, LeFever Mattson, two of its affiliates, and Mr. LeFever commenced Case No. 24CV03485 against Mr. Mattson and KSMP in Sonoma County Superior Court for, among other things, conversion, constructive fraud, and fraudulent concealment relating to the Mattson Transactions. *See* MTD Opp. at 8-9.

### C. LeFever Mattson Chapter 11 Cases

On September 12, 2024, LeFever Mattson and fifty-seven affiliates and subsidiaries (together, the "LeFever Mattson Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing their jointly administered bankruptcy cases (collectively, the "LeFever Mattson Chapter 11 Cases").[4] LeFever Mattson has stated that the LeFever Mattson Chapter 11 Cases were necessary to resolve the uncertainty that the Mattson Transactions created for the LeFever Mattson Debtors and their stakeholders. The LeFever Mattson Debtors state that they commenced the LeFever Mattson Chapter 11 Cases to facilitate the fair and transparent resolution of claims, to stay foreclosure sales of some of the real properties, and to otherwise preserve and maximize value for the benefit of stakeholders. *See* MTD Opp. at 9-10.

### D. The Involuntary Petitions and the Preservation Order

On November 22, 2024, LeFever Mattson and its affiliate, Windtree LP (in such capacity, the "Petitioning Creditors"), filed involuntary petitions for relief against Mr. Mattson and the Debtor (the latter, the "KSMP Involuntary Petition"). On December 20, 2024, the Debtor filed its *Motion to Dismiss Involuntary Petition* (Docket No. 18) (the "Motion to Dismiss"). Following a hearing on February 28, 2025, the Court denied the Motion to Dismiss (Docket No. 55) and set a deadline for the Debtor to answer, and briefing schedule on, the KSMP Involuntary Petition.

---

[4] One other entity, Windscape Apartments, LLC, filed a voluntary petition for chapter 11 (Case No. 24-10417) on August 6, 2024, and two other entities, Pinewood Condominiums, LP (Case No. 24-10598) and Ponderosa Pines, LP (Case No. 24-10599), filed voluntary chapter 11 petitions on October 2, 2024. These entities are also among the LeFever Mattson Debtors and their cases are among the LeFever Mattson Chapter 11 Cases.

Case: 24-10715   Doc# 133   Filed: 06/09/25   Entered: 06/09/25 21:41:32   Page 9 of 23

On April 8, 2025, the Petitioning Creditors filed the *Petitioning Creditors' Motion for Preservation Order* (Docket No. 75) (the "Preservation Motion"). The Preservation Motion alleged a massive fraud perpetrated by Mr. Mattson through the Debtor, including:

(a)     Mr. Mattson purported to sell investors interests in certain of the LeFever Mattson Debtors, and/or property in which the LeFever Mattson Debtors held an interest, when the seller (whether a LeFever Mattson Debtor or the Debtor) in fact held no such interest to sell.

(b)     Mr. Mattson purported to sell to investors (on behalf of various LeFever Mattson Debtors or the Debtor) interests in entities that did not (and do not) exist.

(c)     Mr. Mattson created fraudulent tax documents (e.g., IRS Form K-1s) that were not included within the LeFever Mattson Debtors' annual tax filings, which he either provided to "offbook" investors for them to submit with their taxes or, in some cases, submitted himself, as Mr. Mattson prepared many investors' personal taxes.

(d)     Mr. Mattson misrepresented the substance of investments to investors, for instance by telling investors that a particular LeFever Mattson Debtor owned real property when it did not. Preservation Motion at 4.

The Preservation Motion further alleged that a forensic investigation had identified a Bank of the West (subsequently, BMO) account in LeFever Mattson's name, with an account number ending -1059 (the "1059 Account"), that Mr. Mattson allegedly used between May 2017 and July 2024 to (i) receive money from, and make payments to, "off-the-books" investors whose interests are not recorded in the LeFever Mattson Debtors' books and records and (ii) to receive money from, and make payments for, the benefit of the Debtor and other entities controlled by Mr. Mattson. The Preservation Motion alleges that hundreds of millions of dollars in receipts and disbursements, and thousands of transactions, flowed through the 1059 Account. Preservation Motion at 4-5.

The Preservation Motion sought an order, among other things, (i) restraining the Debtor

6

from encumbering, selling or transferring any of its assets except as permitted pursuant to a 13-week budget approved by the Court (an "Approved Budget"), (ii) restraining the Debtor from incurring unsecured debt outside the ordinary course of business or secured debt without the Court's approval, (iii) requiring the Debtor to submit a budget to the Court for approval within seven days after entry of an order granting the preservation motion, and (iv) requiring the Debtor to submit a detailed weekly expense report to the Petitioning Creditors reflecting any variances to the amounts set forth in the Approved Budget. *See* Preservation Motion, Ex.1, ¶¶ 3-6.

On April 14, 2025, the Court entered the *Order Continuing Hearing on Petitioning Creditors' Motion for Preservation Order* (Docket No. 95), which restrained the Debtor's use of assets pending a final ruling on the Preservation Motion. On May 15, 2025, the Court entered an order granting the Preservation Motion (Docket No. 118).

### E. The Stipulated Order

On May 13, 2025, Mr. Mattson was indicted for wire fraud, money laundering and destruction of evidence in a federal investigation, arising out of the allegations and lawsuits referenced in Sections II.A and D.

On June 9, 2025 (the "Relief Date") the Court entered the Stipulated Order, pursuant to which, among other things, (i) the KSMP Involuntary Petition was granted and (ii) Ms. Itkin was appointed as Responsible Individual, with such appointment being effective only upon entry of an order, acceptable to Ms. Itkin in all respects, approving her engagement as the Responsible Individual pursuant to Section 363 of the Bankruptcy Code and all applicable federal and local rules.

## IV. RELIEF REQUESTED

The Debtor seeks entry of the Proposed Order authorizing the designation of Ms. Itkin as responsible individual pursuant to Local Rule 4002-1, effective as of the date of entry of the

7

Proposed Order.

## V. BASIS FOR RELIEF REQUESTED

### A. Qualifications

Ms. Itkin, a Fellow of the American College of Bankruptcy since 2004, is a restructuring and turnaround professional with over 40 years of wide-ranging experience, including professional experience in the areas of corporate turnarounds, workouts and bankruptcies, including, without limitation, advising fiduciaries in bankruptcy cases and in advising debtors, creditors and stakeholders in all aspects of chapter 11 bankruptcies and sale processes. Her extensive experience includes the sale of real estate assets and matters involving alleged Ponzi schemes. To that end, Ms. Itkin served as lead counsel for one of three committees of investors in the real estate Ponzi scheme case *In re Professional Financial Investors, Inc., et al.*, Case No. 20-30604 (Bankr. N.D. Cal.), and has served as a chapter 11 trustee in several complex cases, including Ritter Ranch Development LLC (Case No. 98-25043-GM), which was then the largest chapter 11 case involving undeveloped land in Los Angeles County. A true and correct copy of Ms. Itkin's qualifications is attached as **Exhibit 1** to the Itkin Declaration.

### B. Services to Be Provided

Pursuant to the Responsible Individual Service Agreement, which is attached as **Exhibit 2** attached to the Itkin Declaration, the Debtor has consented to retain Ms. Itkin as the Responsible Individual in these proceedings. The Responsible Individual Service Agreement shall be effective as of the date the Court issues a final order approving this Motion in a form acceptable to Ms. Itkin.

As Responsible Individual, Ms. Itkin (a) shall solely be responsible for the duties and obligations of the Debtor as a debtor in possession pursuant to Local Rule 4002-1; (b) shall be vested with the authority to operate the Debtor's business pursuant to section 1108 of the Bankruptcy Code; (c) shall be vested with the duties of a trustee under section 1106 of the

8

Bankruptcy Code; and (d) shall not be removed as Responsible Individual without further order of this Court.

Ms. Itkin's contact information is:

Robbin Itkin Corporate Governance Solutions
Attention: Robbin Itkin
16350 Ventura Blvd., Suite D-509
Encino, CA 91436
Phone: 310.738.9561
Email: robbin@robbinitkinsolutions.com

**C.**     **No Duplication**

The services to be provided by Ms. Itkin will complement—and not duplicate—those of other professionals to be retained in this Chapter 11 case. In her role as fiduciary, Ms. Itkin will oversee the Debtor's investigations into potential estate claims, its monetization of assets, and its reconciliation of claims and liabilities and will generally ensure that all actions taken in the case serve to protect stakeholder interests and maximize value. To support her efforts, Ms. Itkin will retain independent counsel (with no known prior association with the Debtor, LeFever Mattson, Mr. Mattson or any related entity) to assist her in these efforts and to coordinate, as appropriate, with professionals in the related LeFever Mattson Chapter 11 Cases. Separately, as previously discussed, the Debtor also intends to retain Stapleton Group and designate Mike Bergthold of Stapleton Group to serve as Chief Restructuring Officer (CRO), with primary responsibility for managing the Debtor's real estate portfolio, including rent collection, property oversight, asset preservation, analysis and implementation of asset sales and potential financing opportunities. On an interim basis, the Debtor is seeking authority to appoint Stapleton to collect rents, manage the property portfolio, and perform basic financial functions, including preparation of schedules and statements, and to designate Mr. Bergthold as CRO. Critically, Stapleton has been serving as the Debtor's financial advisor, is familiar with each of the Debtor's properties, and is at this point the

9

only party positioned to provide Ms. Itkin with immediate, on-the-ground support. Ms. Itkin also understands that neither the petitioning creditors nor the official committee of unsecured creditors of the LeFever Mattson Debtors oppose Stapleton being employed in this capacity.

Considering Ms. Itkin's substantial experience and the complex nature of the Debtor's assets and financial affairs, the Debtor believes that Ms. Itkin is well-qualified to serve as the Responsible Individual in this chapter 11 case. Ms. Itkin has been, and will remain, in communication with the Debtor's professionals to ensure that there is no duplication of services.

### D. Ms. Itkin's Compensation

Ms. Itkin has requested that she be compensated for her services at a rate of $25,000 per month. The Debtor believes that Ms. Itkin's rate is reasonable given the quality of her services and her bankruptcy expertise. Additionally, Ms. Itkin will seek reimbursement from the Debtor for reasonable expenses in accordance with the terms of the Responsible Individual Services Agreement.

Upon approval of the relief requested, Ms. Itkin will not be employed as a professional under section 327 of the Bankruptcy Code, and she will not submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.

Additionally, under the terms of the Responsible Individual Services Agreement, the Debtor has agreed to indemnify, defend, and hold harmless Ms. Itkin to the fullest extent permitted by law, and has provided her with suitable insurance coverage under the Debtor's D&O policies. The Debtor believes that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a responsible individual—particularly one in this Chapter 11 case.

Additionally, under the terms of the Responsible Individual Services Agreement, unless such liability cannot be capped or limited by applicable law, Ms. Itkin's aggregate liability to the Debtor, its partners, or any board or officers, or any party asserting claims on behalf of the Debtor,

10

its partners, or any board or officers is capped at the amount of fees paid to Ms. Itkin for services under the Responsible Individual Services Agreement. The Debtor believes such a limitation of liability is customary, reasonable and necessary to retain the services of a responsible individual—again, particularly in this Chapter 11 case.

### E. Disinterestedness

Because Ms. Itkin is being retained pursuant to section 363 of the Bankruptcy Code, she is not subject to the "disinterested person" requirements of section 327(a). Nonetheless, out of an abundance of caution, Ms. Itkin intends to conduct a disinterestedness analysis and disclose any relevant connections to the Court and interested parties. This effort has been complicated, however, by the fact that she has only just received a list of the Debtor's creditors from which to perform a comprehensive conflicts check.

Nonetheless, based on the information that is currently available, and except as otherwise disclosed in the Itkin Declaration or set forth in this Motion, Ms. Itkin does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee for Region 17, or any person employed by the Office of the United States Trustee. This includes any current or prior connections to the Debtor, Kenneth Mattson or his family members. Ms. Itkin will supplement her Declaration as necessary as additional creditors and parties in interest are identified.[5]

Based on the foregoing, the Debtors does not believe that Ms. Itkin's retention will be adverse to the Debtor's estate.

---

[5] Ms. Itkin's proposed counsel (who first became involved in this matter on June 5, 2025), has similarly conducted a preliminary conflicts check based on the same limited information and is likewise not aware of any disqualifying connections. Counsel will continue its review as additional information becomes available and will submit appropriate disclosures in connection with its forthcoming retention application.

11

## VI.  AUTHORITY FOR RELIEF REQUESTED

The Debtor seeks authority to designate Ms. Itkin as Responsible Individual, effective as of the date of entry of the Proposed Order,  pursuant to sections 105 and 363 of the Bankruptcy Code and Local Rule 4002-1.

Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Under applicable case law in this and other Circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g.*, *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 17 (B.A.P. 9th Cir. 1988) ("The bankruptcy court has considerable discretion in deciding whether to approve or disapprove the use of estate property by a debtor in possession, in the light of sound business justification."); *In re 240 North Brand Partners*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983)).

Bankruptcy courts in this District and elsewhere have found it an appropriate exercise of a debtor's business judgment to employ corporate restructuring officers, advisors, and professionals under section 363. *See, e.g.*, *In re MedCision LLC*, Case No. 17-31272 HB (Bankr. N.D. Cal. March 22, 2018); *In re PopExpert, Inc.*, Case No. 16-30390 HB (Bankr. N.D. Cal. June 6, 2016); *In re NewZoom, Inc.*, Case No. 15-31141-HB (Bankr. N.D. Cal. Jan. 20, 2016); *In re California Indep. Petroleum Assn.*, Case No. 21-23169-B-11, (Bankr. E.D. Cal. Jan. 18, 2022); *In re Westcliff Med. Labs., Inc.*, Case No. 10-16743 (Bankr. C.D. Cal. June 25, 2010); *In re Fairfield Residential LLC*, Case No. 09-14378 (Bankr. D. Del. Jan. 13, 2010); *In re Motor Coach Indus. Int'l, Inc.*, Case No. 08-12136 (Bankr. D. Del Oct. 15, 2008).

Additionally, section 105(a) of the Bankruptcy Code, which codifies a bankruptcy court's

12

inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions in this title," provides this Court with the power to grant the relief requested herein. *See also United States v. Energy Resources Co.*, 495 U.S. 545, 549 (1990); *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764 (9th Cir. 2008); *Martin v. United States (In re Martin)*, 150 B.R. 43, 47 (Bankr. S.D. Cal. 1993) (noting the Court's "broad" powers under Section 105).

The decision to employ Ms. Itkin as Responsible Individual should be authorized because it reflects the sound exercise of the Debtor's business judgment and was negotiated with the significant parties in interest that sought to have the Debtor placed into Chapter 11. Given the Debtor's circumstances, including the indictment of its current managing partner, Mr. Mattson, and widespread allegations of fraud involving the Debtor and Mr. Mattson, to give the Court and parties in interest confidence in the integrity of the Debtor's chapter 11 case, it is essential that Mr. Mattson have no role with the Debtor and that the responsible individual be an irreproachable person with no prior ties to Mr. Mattson or the Debtor, and an individual acceptable to the Petitioning Creditors. Ms. Itkin, with her extensive experience as a restructuring lawyer, independent director and trustee, is an ideal candidate. She will provide services that are in the best interests of all parties in interest in this chapter 11 case.

## VII.    REQUEST FOR WAIVER OF STAY AND MODIFIED NOTICE

By this Motion, the Debtors seek (i) a modification of the notice requirement of Bankruptcy Rule 6004(a), and (ii) a waiver of any stay of the effectiveness of an order granting this Motion pursuant to Bankruptcy Rule 6004(h). Postponement of the retention of Ms. Itkin as the Responsible Individual will create uncertainty as to the governance of the Debtor during this critical transition period, particularly as her appointment is not effective until this Motion is approved on a final basis. The notice provided herein is reasonably calculated to provide the Debtor's key creditors and parties in interest with notice of the relief requested. Accordingly, the Debtor submits that ample

13

cause exists to justify (i) a waiver of the notice requirement of Bankruptcy Rule 6004(a), and (ii) a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## VIII.  NOTICE

Notice of this Motion will be provided to (i) the United States Trustee (ii) each party that has filed a notice of appearance in this chapter 11 case and (iii) each creditor that has filed a proof of claim. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein.

Dated: June 9, 2025

*/s/ Richard L. Wynne*
Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Proposed Attorneys for Debtor and Debtor in Possession*

14

**EXHIBIT A**
**Proposed Order**

Richard L. Wynne (Bar No. 120349)
richard.wynne@hoganlovells.com
Erin N. Brady (Bar No. 215038)
erin.brady@hoganlovells.com
Edward J. McNeilly (Bar No. 314588)
edward.mcneilly@hoganlovells.com
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4600
Facsimile: (310) 785-4601

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re | Case No. 24-10715 (CN) |
| | Chapter 11 |
| KS MATTSON PARTNERS, LP, | **[PROPOSED] ORDER GRANTING AUTHORIZING DESIGNATION OF ROBBIN ITKIN AS RESPONSIBLE INDIVIDUAL PURSUANT TO B.L.R. 4002-1** |
| Debtor[1]. | |
| | Date: TBD |
| | Time: TBD |
| | Place: (In Person or Via Zoom) |
| | United States Bankruptcy Court |
| | 1300 Clay Street, Courtroom 215 |
| | Oakland, CA 94612 |

Upon consideration of the *Debtor's Motion for Order Authorizing Designation of Robbin L. Itkin as Responsible Individual Pursuant to B.L.R. 40021-1* (the "Motion")[2] filed by the above-

---

[1] The last four digits of the Debtor's tax identification number are 5060. The Debtor's mailing address is 3003 Castle Road, Sonoma, CA 95476.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to such terms in the Motion.

captioned debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, for entry of an order pursuant to pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Local Rule 4002-1 for the United States District Court for the Northern District of California (the "Local Rules"), and the Court having reviewed the Motion, the Itkin Declaration, all other filings in support of the Motion, and the arguments made at the hearing on the Motion (the "Hearing"); and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges*, General Order 24 and Rule 5011-1(a) of the Local Rules; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and (v) good cause exists to waive the requirements imposed by Bankruptcy Rules 6004(a) and 6004(h), to the extent either is applicable; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estates, and its creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted.

2. Robbin L. Itkin is appointed as the responsible individual for the Debtor for purposes of the above-captioned chapter 11 case pursuant to Local Rule 4002-1 (the "Responsible Individual") effective as of the date of entry of this Order.

3. Ms. Itkin's contact information:

Robbin Itkin Corporate Governance Solutions
Attention: Robbin Itkin
16350 Ventura Blvd., Suite D-509

2

Encino, CA 91436
Phone: 310.738.9561
Email: robbin@robbinitkinsolutions.com

4.      As Responsible Individual, Ms. Itkin (a) shall solely be responsible for the duties and obligations of the Debtor as a debtor in possession pursuant to Local Rule 4002-1; (b) shall be vested with the authority to operate the Debtor's business pursuant to section 1108 of the Bankruptcy Code; (c) shall be vested with the duties of a trustee under section 1106 of the Bankruptcy Code; and (d) shall not be removed as Responsible Individual without further order of this Court.

5.      Kenneth Mattson shall have no authority, express or implied, to act on behalf of the Debtor, bind the Debtor, operate the Debtor's business, access any of the Debtor's assets or any property of the estate. Any such actions shall be void ab initio and a violation of this Order.

6.      The Debtor is authorized to employ and retain Ms. Itkin as Responsible Individual, under sections 363(b) and 105(a) of the Bankruptcy Code, effective as of the date of entry of this Order, under the terms of the Responsible Individual Agreement.

7.      The terms of the Responsible Individual Agreement, including, without limitation, the compensation, indemnification, and limitation of liability provisions, are reasonable terms and conditions of employment and are hereby approved.

8.      Ms. Itkin will not be employed as a professional under section 327 of the Bankruptcy Code and need not submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code.

9.      Pending final approval of a motion from the Debtor to appoint a Chief Restructuring Officer, Ms. Itkin may, on an interim basis, employ, on the Debtor's behalf, Stapleton Group as and retain Mike Bergthold as Chief Restructuring Officer. .

10.      The Debtor and Ms. Itkin are authorized to take all actions necessary to effectuate

3

the relief granted pursuant to this Order in accordance with the Motion.

11.    In the event of any inconsistency between the Responsible Individual Agreement, the Motion and this Order, this Order shall govern.

12.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

13.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

***END OF ORDER***

4